UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADIEL ALVAREZ,

    Plaintiff,

vs.                                Case No.: 8:17-cv-2960-T-23 TGW

ARCHITECTURAL TILE & MARBLE,
INC., a Florida corporation,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

    Architectural Tile & Marble, Inc. ("Architectural Tile") by and through its undersigned counsel, hereby files and serves its answer and affirmative defenses in response to Plaintiff's Complaint. Architectural Tile responds to the correspondingly numbered paragraphs of the Complaint as follows:

    1.    Admit that Plaintiff purports to bring a claim for relief under Federal law and jurisdiction is appropriate, denied that any such relief is appropriate under the facts and circumstances alleged.

    2.    Admitted.

    3.    Admitted that Plaintiff was an employee of Architectural Tile, otherwise denied.

    4.    Admitted.

    5.    Admitted that Plaintiff was an employee of Architectural Tile, otherwise denied

6. Denied to the extent that such statutory provisions speak for themselves.

7. Admitted.

8. Denied.

9. Denied.

10. Without knowledge.

11. Architectural Tile reincorporates its responses to paragraphs 1-10 above as if set forth more fully herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. No response is required.

**All allegations not expressly admitted are hereby denied.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Without admitting that Plaintiff suffered any damages, any claims for damages are barred, in whole or part, by his failure to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, the existence of which is expressly denied, are barred by the equitable doctrines of laches, waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the Fair Labor Standards Act, 29 U.S.C. §207.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curet lex*.

### SIXTH AFFIRMATIVE DEFENSE

To the extent there is a colorable FLSA violation, Architectural Tile is not liable for liquidated damages under the FLSA because the allegedly complained of acts or omissions giving rise to this lawsuit were in good faith, and it had reasonable grounds for believing that such acts or omissions were not in violation of the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff waived, and/or is estopped from asserting, claims to the extent that they are based on an alleged failure to pay wages, if he did not timely advise Architectural Tile of any alleged mistakes in payment, underpayments, or failure by Architectural Tile to adhere to the agreed upon compensation, or because he has already received all of the compensation to which he is entitled.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation were done in good faith and conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the administrator of the Wage and Hour division of the United States Department of Labor.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to their principal activities.

### TENTH AFFIRMATIVE DEFENSE

To the extent the discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Architectural Tile required the false reporting of hours and no evidence that ABC knew or should have known that Plaintiff was providing false information as to his hours, ABC hereby invokes the Doctrine of Estoppel to bar the claims asserted by Plaintiffs. See *Brumbelow vs. Quality Mills, Inc.*, 462 Fed. 2d 1324, 1327 (5th Cir. 1972).

*Architectural Tile reserves the right to amend its answer and affirmative defenses to the Complaint pending discovery.*

                      /s/ Dean A. Kent
                      DEAN A. KENT
Fla. Bar No. 0307040
dkent@trenam.com/pholliday@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, Florida 33602
Tel: (813) 223-7474/Fax: (813) 229-6553
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on January 8, 2018, a true and correct copy of the foregoing Answer and Affirmative Defenses was filed via CM/ECF, which will serve notice on all parties and counsel of record via their email addresses: Miguel@fhbolaw.com; Debbie@fgbolaw.com.

                      /s/ Dean A. Kent
                      Attorney